IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HAROLD BISSOON, | § |
| | § No. 304, 2017 |
| Defendant Below-Appellant, | § |
| | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware |
| STATE OF DELAWARE, | § |
| | § Cr. ID 1212011142 (N) |
| Plaintiff Below-Appellee. | § |
| | § |

Submitted: September 7, 2017
Decided: September 15, 2017

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## ORDER

This 15th day of September 2017, it appears to the Court that:

(1)    On July 31, 2017, the Court received the appellant Harold Bissoon's notice of appeal from a Superior Court order, docketed on June 28, 2017, denying his second motion for postconviction relief. The Superior Court docket reflects that Bissoon pled guilty in 2013 to two counts of first degree robbery and one count of conspiracy. He did not file a direct appeal.

(2)    Under Supreme Court Rule 6(a)(iv), a timely notice of appeal was due on or before July 28, 2017. The Clerk issued a notice directing Bissoon to show cause why the appeal should not be dismissed as untimely.[1]

---

[1] Del. Supr. Ct. R. 29(b) (2017).

(3)    Bissoon filed a response to the notice to show cause on August 15, 2017.  He asserts that his appeal is untimely because personnel in the prison law library did not timely respond to his requests for copying and notarization services. He refers to a memorandum attached to his notice of appeal.  The memorandum, dated July 10, 2017, is from the prison paralegal and informs Bissoon that his copying request could not be processed because more information was needed.

(4)    The State was directed to file a reply to Bissoon's response. The State points out that Bissoon had two weeks to respond to the prison paralegal's request for additional information before his appeal was due, and his response to the notice to show cause offers no explanation for why he could not or did not comply with that request.   Moreover, the State argues, the filing of a timely appeal is a jurisdictional requirement that may only be excused if the untimeliness is attributable to court personnel.  Prison personnel are not court personnel.

(5)    We agree.  Under Supreme Court Rule 6(a)(iv), the appellant's notice of appeal was due on or before July 28, 2017, which was 30 days from the date the order on appeal was docketed.  The appellant does not assert that his untimely filing is attributable in any way to the actions of court personnel.

(6)    Time is a jurisdictional requirement.[2]  A notice of appeal *must be received* by the Office of the Clerk of this Court within the applicable time period in

---

[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

2

order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Therefore, unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court personnel, an untimely appeal cannot be considered.[5] Prison personnel are not court-related personnel.[6] Thus, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[3] Del. Supr. Ct. R. 10(a) (2017).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] *See, e.g., Miller v. State*, 2017 WL 568362 (Del. Feb. 9, 2017) (actions of prison law library did not excuse untimely appeal).